# United States Court of Federal Claims

No. 20-808T
Filed: January 11, 2022

|  |  |
|---|---|
| ALEARIS, INC., | |
| *Plaintiff,* | |
| v. | |
| UNITED STATES, | |
| *Defendant.* | |

## ORDER & OPINION

**HODGES**, *Senior Judge*

## I.    BACKGROUND

Plaintiff, Alearis, Inc., is an organization incorporated in the state of Delaware. Its sole member, "the Church," was "founded at time immemorial when the Old Ones placed the Game into ecclesiastical trust for such purpose." Plaintiff is "organized exclusively for religious purposes to perform or carry out the functions of the Church."

In 2019, Plaintiff sought an initial classification from the Internal Revenue Service (IRS) as a non-private foundation.[1] To this end, Plaintiff's attorney mailed a letter request[2] for an official determination (or Request for Determination) on July 12, 2019.[3] The IRS verified receipt of Plaintiff's letter request by mailing a date-stamped copy back to Plaintiff three days later.

---

[1] Non-private foundations under IRC §§ 509(a)(1) and 170(b)(1)(A)(i), such as churches, are exempt from requirements typically imposed on private foundations like self-dealing provisions under § 4941, minimum distribution requirements under §4942, excess business holdings requirements under §4943, jeopardy investments under § 4944, and taxable expenditures under § 4945. They enjoy statutory rights to participate in pooled income funds under § 642 and the right to receive a greater donor threshold of deductible contributions under § 170(b)(1)(A).

[2] IRS Revenue Procedure 2019-05 § 4.02(7)(b) provides that any determination request not required to be submitted on a specified form may be submitted by letter.

[3] Section 3.01(3)(b) of IRS Revenue Procedure 2019-05 provides that the IRS will issue determinations concerning the classification or reclassification of private foundation status,

After six months without receiving a determination, Plaintiff's attorney telephoned the IRS. Allegedly, an IRS representative told Plaintiff's attorney that the letter request had confused the agency: specifically, it was unclear whether Plaintiff was seeking an initial determination of foundation status or a reclassification because Plaintiff's letter was captioned "Classification or reclassification of private foundation status." The IRS representative noted that Alearis (i) did not provide IRS Form 8940 (Request for Misc. Determination); (ii) Alearis' Employer Identification Number was not associated with a completed Form 1023 (Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code); and (iii) the $400 check submitted did not correspond with the correct fee to process a request for reclassification of foundation status.

Plaintiff's attorney clarified that Plaintiff was seeking an initial determination of foundation status, not a reclassification. The IRS representative then asked Plaintiff's attorney to send another copy to him directly for his review the same day. When Plaintiff's attorney called again a few days later, the IRS representative explained that the letter request had been "sent back" for further consideration and was being reviewed by another department. Plaintiff's attorney requested a point of contact for the new department handling the request, but the IRS representative replied that he was unauthorized to provide any further details.

On December 20, 2019, an IRS employee was directed to manually refund Plaintiff's check that accompanied the letter request because "[Alearis] [] never received a formal exemption so they will need to submit a Form 1023/1024 or 1023EZ with the correct user fee." ECF No. 22 at 38.

## II.    PROCEDURAL HISTORY

Plaintiff filed this Complaint seeking declaratory judgment on July 2, 2020. The Court granted Plaintiff's motion to seal the Complaint and its attachments and directed the Government to file the Administrative Record under seal. Plaintiff filed a motion to amend the Administrative Record and a motion for judgment on the Administrative Record. Subsequently, the parties filed an agreed-upon public version of the Administrative Record. Finally, Defendant filed a motion to dismiss for lack of jurisdiction and a motion to unseal the Administrative Record.

After the motions were briefed, the Court ordered Plaintiff to submit additional evidence to establish the Court's jurisdiction of this matter. Plaintiff declined to comply for various reasons, including that doing so would invite the risks that (a) the additional evidence would ultimately be disclosed publicly and (b) Plaintiff would be subject to discovery, "resulting in further disclosure of protected church information which Alearis cannot currently foresee or control."

## III.    ANALYSIS

### a.  Defendant's Motion to Dismiss

including whether an organization is described by IRC §§ 509(a)(1) and 170(b)(1)(A) (other than clauses (v), (vii) and (viii)).

Defendant asserts that the Court is without subject matter jurisdiction to consider Plaintiff's Complaint. I.R.C. § 7428(a)(1)(B) is Plaintiff's jurisdictional basis for this case. It provides that "[i]n a case of actual controversy involving …. a determination by [the IRS] . . . . with respect to the initial classification . . . of an organization as a private foundation (as defined in section 509(a))," or "a failure by the [IRS] to make a determination with respect to [that] issue," this Court "may make a declaration . . . with respect to such initial classification . . . ."

Here, Plaintiff does not have an official IRS determination to contest because Plaintiff failed to submit the requisite forms as instructed by the IRS representative. The IRS refunded Plaintiff's fee submitted with the letter request and directed Plaintiff to submit a Form 1023 for an affirmative determination of its non-private foundation status.

Plaintiff contends that it does not seek an affirmative classification of its 501(c)(3) status, rather its status as a public charity, and that submitting a Form 1023 would violate its religious tenets. However, an official determination by the IRS that Plaintiff is a 501(c)(3) is a predicate to an affirmative classification as a public charity or as a private foundation. *See generally, Found. of Human Understanding v. United States,* 88 Fed. Cl. 203, 212 (2009) (when seeking an affirmative determination, "[a]n organization's mere declaration that it is a church is insufficient; plaintiff must demonstrate its qualification for tax-exempt status as a church.") Moreover, Plaintiff's one-page "Statement of Facts" is insufficient to enable the Court to make a determination as to whether plaintiff is a "church" within the meaning of IRC § 170(b)(1)(A)(i). The Court is therefore without jurisdiction to issue a declaratory judgment because this is not a case of actual controversy.

### b. Defendant's Motion to Unseal the Record

Defendant filed a Motion to Unseal the Administrative Record asserting that most of the redacted material Plaintiff seeks to seal is already public and that Plaintiff has not demonstrated the requisite "compelling justification" to overcome the presumption of public access to judicial records. The Court previously granted Plaintiff's Motion for Leave to File Under Seal Parts of Exhibit A to the Complaint, specifically, portions of Plaintiff's underlying Request for Determination and corporate bylaws.[4] Plaintiff wishes for the Administrative Record and all documents filed under seal to remain permanently sealed.

When the Court considers whether to seal a record permanently, "[t]here is a strong presumption in favor of a common law right of public access to court proceedings," and there is also "a First Amendment right of public access to court proceedings." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (citations omitted). Thus, only the "most compelling showing can justify" the permanent sealing of judicial records. *Id.* at 1358 (quotation omitted).

---

[4] Plaintiff did not provide the information at issue in the Motion for Leave to the Court until after the Court granted the Motion. The Court had only a redacted version of Exhibit A, filed under seal with the Complaint.

The party seeking to seal bears the burden of overcoming the presumption of open judicial records. "By contrast [to a party needing to establish good cause for a protective order to prevent disclosure of discovery material pursuant to RCFC 26(c)], a party seeking to prevent disclosure of information submitted as evidence in dispositive judicial proceedings, whether at trial or in connection with a motion for summary judgment, must demonstrate compelling reasons for keeping such information out of public view." *AmerGen Energy Co., LLC v. United States*, 115 Fed. Cl. 132, 141 (2014) (citations omitted). "Even when the parties agree to maintain confidentiality of publicly filed information pursuant to a protective order," a trial court has "an independent duty to protect the public's right of access." *DePuy Synthes Prods., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1370 (Fed. Cir. 2021).

Defendant filed an "agreed upon public version of the administrative record" on January 12, 2021. The redactions in this version of the Administrative Record cover: (1) the approximately one-page "Statement of Facts" that Plaintiff included with its letter request; (2) portions of the "Analysis" in the letter request; and (3) a portion of the corporate bylaws.[5] Pleadings, including the complaint and its exhibits, and the Administrative Record are judicial records. Plaintiff filed a motion for judgment based on these records. Because a motion for judgment is a dispositive judicial proceeding, these records are subject to the compelling showing standard.

Plaintiff asserts that the redactions at issue cover "secret" or "confidential" information that is "of irreplaceable value to the church." However, Plaintiff has provided no declaration, affidavit, or attestation to prove the confidentiality of the redactions. Moreover, the only attested facts submitted in this case are contained in Plaintiff's one-page "Statement of Facts" (AR 30 at 4-5)," which is accompanied by the attestation of "Amory Feriae, Secretary of Alearis, Inc." Mr. Feriae does not claim to have personal knowledge of these facts, only that they are "true, correct, and complete." Mr. Feriae's attestation fails to demonstrate how Plaintiff would be harmed by public disclosure, nor does it substantiate the secret nature of the information in the record.

Plaintiff presents various arguments to assert that its religious practice would be harmed by public disclosure. For example, Plaintiff insists that its religious practice depends on the confidentiality of the sealed information because the religion is "enactivist—focusing on affective religious experience through the dynamic revelation of 'plateaus.'" It explains that "the religion of Alearis is…a *process* implicated by the sequencing and circumstance of revelation…similar to a story." If the record were unsealed, Plaintiff argues that it would be deprived of its ability "to present the story as intended" because "Alearis' model reinforces associational bonds by emphasizing experiences shared only with other genuine members." Ultimately, Plaintiff explains, if answers to revelations that are used to progress individuals through plateaus are available in the public domain, it will be difficult to effectively measure novice adherents' understanding of the religion.

Plaintiff urges that "it is not for [courts] to determine the religious importance or rationality of the affected belief or practice." *Murphy v. Collier*, 139 S. Ct. 1475, 1484 (2019). Indeed, the Court acknowledges that federal laws "do not allow a court to undertake for itself the determination

---

[5] These redactions are the same redactions that Plaintiff made in Exhibit A.

of which religious practices are sufficiently mandatory or central to warrant protection." *Id.* However, the lack of evidentiary support for Plaintiff's claims as to the potential harm it would suffer from public disclosure prevents the Court from even considering the importance of these practices. *See DePuy*, 990 F.3d 1364, 1372–73 (Fed. Cir. 2021) (holding that trial court concluded correctly that allegedly proprietary information was not entitled to confidential treatment because parties provided no evidence of how its public disclosure would be harmful).

The legal arguments Plaintiff offers fail to satisfy the *evidentiary* standard it must meet to seal permanently the record in this case. Nor does this evidence establish that Plaintiff is a church – the basis of its demand for affirmative recognition of its nonprivate foundation status. Plaintiff filed a Complaint to circumvent the IRS process because completing a Form 1023 would violate its religious tenets. Yet, without providing even a slice of evidence supporting its claims of secrecy and confidentiality, Plaintiff seeks a judicial declaration from this Court that would enable it to operate uninhibited by the substantial burdens and regulations that Congress imposes specifically upon private foundations. The evidence submitted in this case is sufficient to establish neither the Court's subject matter jurisdiction nor a basis for sealing the record permanently.

## IV. CONCLUSION

This Court is without subject matter jurisdiction to consider the merits of the Complaint. Furthermore, Plaintiff has not met the evidentiary standard to justify sealing permanently the documents in this case. Therefore,

1. Defendant's motion to dismiss this case is **GRANTED**;
2. Defendant's motion to lift the seal on the Administrative Record and on all documents filed under seal in this case is **GRANTED**;
3. Plaintiff's motion to amend the Administrative Record is **DENIED** as moot; and
4. Plaintiff's motion for judgment on the Administrative Record is **DENIED** as moot.

It is so **ORDERED**.

s/Robert H. Hodges, Jr.
**Robert H. Hodges, Jr.**
**Senior Judge**